**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY KEEN KIRCHOFF, M.D.; MICHAL PORUBCIN, M.D.; MICHAEL HAWKING, M.D.; BRIAN COURI, M.D.; WILLIAM CREVIER, M.D.; CAROL CREVIER, FNP DNP MPH; MOST REVEREND THOMAS J. PAPROCKI, ROMAN CATHOLIC BISHOP OF THE DIOCESE OF SPRINGFIELD IN ILLINOIS; LUTHERAN CARE CENTER; ILLINOIS CATHOLIC HEALTH ASSOCIATION; CATHOLIC MEDICAL ASSOCIATION; CHRISTIAN MEDICAL AND DENTAL ASSOCIATIONS; NATIONAL ASSOCIATION OF CATHOLIC NURSES; and CATHOLIC PSYCHOTHERAPY ASSOCIATION INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MARIO TRETO, JR., Secretary of the Illinois Department of Financial and Professional Regulation; SAMEER VOHRA, Director of the Illinois Department of Public Health, in their official capacities.<br><br>Defendants. | Case No.: 1:26-cv-9628<br><br>Hon. District Judge Franklin U. Valderrama<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANTS' *UNOPPOSED* MOTION TO REASSIGN CASE**

Defendants Mario Treto, Jr., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation; and Sameer Vohra, M.D., in his official capacity as Director of the Illinois Department of Public Health, respectfully move pursuant to Local Rule 40.4 to reassign a substantially similar action, *Ali v. Vohra*, 26-cv-11351, currently pending before the Honorable Sunil Harjani, to this Court. Reassignment of *Ali* to this Court's

calendar will promote judicial economy and efficiency because the plaintiffs in *Ali* challenge the same statute and bring claims involving substantially the same issues of fact or law as Plaintiffs in this action (the "*Kirchoff* action") and *Carmelite Sisters for the Aged v. Prince*, 26-cv-10665 (the "*Carmelite Sisters* action"), which was reassigned to this Court on September 14, 2026. In support of this motion, Defendants state as follows:

1. On August 11, 2026, the *Kirchoff* Plaintiffs filed their Complaint in this matter. Dkt. 1. The *Kirchoff* Plaintiffs filed an Amended Complaint on September 10, 2026. Dkt. 24.

2. The *Kirchoff* Plaintiffs' Amended Complaint pleads eight claims seeking to enjoin the Illinois End-of-Life Options for Terminally Ill Patients Act (the "Act"), Illinois Public Act 104-0441, 410 ILCS 22/1 *et seq.* Plaintiffs allege that the Act contravenes their Constitutional rights and violates federal law. *Id.*

3. On August 21, 2026, the Court granted the parties' joint motion in the *Kirchoff* action stipulating to the entry of a temporary restraining order enjoining Defendants from enforcing the Act as to the named Plaintiffs pending the Seventh Circuit's decision in the consolidated appeals *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657). Dkt. 13.

4. On September 3, 2026, a different set of plaintiffs filed the *Carmelite Sisters* action, which was assigned to the Honorable Sharon Johnson Coleman. On September 10, 2026, Defendants filed an unopposed motion to reassign the *Carmelite Sisters* action to this Court's calendar under Local Rule 40.4. Dkt. 18. Defendants sought reassignment because the plaintiffs in the *Carmelite Sisters* action challenged the same statute and brought claims involving substantially the same issues of fact or law as Plaintiffs in this action. *Id.* The Court granted Defendants' motion the same day. Dkt. 23.

5. On September 16, 2026, a third set of plaintiffs filed another lawsuit seeking to enjoin the Act. *See Ali v. Vohra*, 26-cv-11351 (N.D. Ill.). *Ali* was assigned to the Honorable Sunil Harjani. A copy of the *Ali* complaint is attached as Exhibit A to this motion.

6. Plaintiffs in *Ali* pleaded ten claims. These included claims for violations of Constitutional rights, including freedom of speech, freedom of association, and free exercise of religion, that raise substantially the same issues of fact or law as the constitutional claims in the *Kirchoff* and *Carmelite Sisters* actions.

7. Plaintiffs in *Ali* also pleaded claims asserting that the Act violates the Americans with Disabilities Act, 42 U.S.C. § 12132, the Affordable Care Act, 42 U.S.C. § 18113, and the Assisted Suicide Funding Restriction Act, 42 U.S.C. § 14402(a)(1). These claims also raise substantially the same issues of fact or law as the statutory claims in the *Kirchoff* and *Carmelite Sisters* actions.

8. Indeed, the claims in *Ali* are identical to those in the *Carmelite Sisters* action, except that the *Carmelite Sisters* action includes two additional counts brought on behalf of organizational plaintiffs.

9. Mindful of the interests of judicial economy and efficiency, Defendants respectfully move pursuant to Local Rule 40.4(c) to reassign *Ali* to this Court's calendar.

10. Local Rule 40.4 provides that "a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge" provided that:

> "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

11. All the Rule 40.4 criteria are met. *Ali* is related to the *Kirchoff* and *Carmelite Sisters* actions under Rule 40.4(a) because, as explained above, many of the claims in *Ali* raise substantially the same issues of fact or law as the claims in the *Kirchoff* and *Carmelite Sisters* actions. *See* L.R. 40.4(a)(2). *Ali* also "grow[s] out of the same transaction or occurrence" as the *Kirchoff* and *Carmelite Sisters* actions because all three cases concern the General Assembly's passage of the Act and the Act's potential effects on healthcare providers with religious objections to providing medical aid-in-dying. *Id.* 40.4(a)(3).

12. As to the 40.4(b) factors, reassignment is not likely to delay any of the proceedings. All three cases are pending in the Northern District of Illinois, and no case has progressed beyond the initial pleadings. *See id.* 40.4(b)(1), (3). Further, the parties in all three cases—*Kirchoff*, *Carmelite Sisters*, and *Ali*—are currently in the process of negotiating an expanded temporary restraining order that would enjoin Defendants from enforcing the Act against the plaintiffs in all three cases pending the issuance of the mandate following the Seventh Circuit's decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction. Accordingly, all three cases are at the same stage of the proceedings and rely on a decision in the same Seventh Circuit case to move forward.

13. Reassignment also "would result in substantial saving of judicial time and effort." *Id.* 40.4(b)(2). As noted, *Ali*, *Carmelite Sisters*, and *Kirchoff* raise similar constitutional and statutory claims challenging the Act and its potential effect on healthcare providers with religious objections to providing medical aid-in-dying. Reassigning *Ali* to this Court would avoid duplication of judicial efforts and potential inconsistency between rulings on the same subject. *See Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) ("The judiciary has an interest,

independent of litigants' goals, in avoiding messy, duplicative litigation."). Once the proceedings continue, all three cases can be placed on the same schedule with the same deadlines, allowing the cases to proceed at the same pace and avoid redundant briefing and efforts.

14. Finally, Defendants believe *Ali*, *Carmelite Sisters*, and *Kirchoff* "are susceptible of disposition in a single proceeding." L.R. 40.4(b)(4). All three cases share significant factual and legal issues that render disposition in a single proceeding possible, especially because all three cases seek similar relief against similar defendants. Rather than risking imposing different decisions on the same issues, Defendants believe the better course is to impose a consistent, uniform disposition.

15. Defendants do not seek consolidation at this time, though they reserve the right to reconsider and request consolidation at a later time if the need arises. Conversely, subsequent developments may make resolution through a single proceeding improper. However, the rule does not require certainty, especially at this early stage, that the cases can be resolved in a single proceeding, but only susceptibility.

16. Finally, as Local Rule 40.4 requires, all parties are in the process of filing appearances in all three cases to ensure that "all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment."

17. Plaintiffs' counsel in *Ali, Carmelite Sisters*, and *Kirchoff* have all indicated that they do not object to the requested reassignment.

18. For the above reasons, reassignment of *Ali* to this Court is proper and in the interest of justice, judicial economy, and efficiency.

**CONCLUSION**

Accordingly, Defendants respectfully request that the Court enter an Order finding that

*Ali v. Vohra*, 26-cv-11351, is related to this action under Local Rule 40.4(a), and that reassignment of *Ali* to this Court is proper pursuant to Local Rule 40.4(b).

Dated: September 22, 2026

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

By: */s/ Lillian McGuire*

Elizabeth Morris
Elena S. Meth
Lillian Margaret McGuire
Office of the Illinois Attorney General
115 South LaSalle St., 35th Fl.
Chicago, Illinois 60603
(312) 814-3000
elizabeth.morris@ilag.gov
elena.meth@ilag.gov
lillian.mcguire@ilag.gov

*Counsel for Defendants*