**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AKBAR M. ALI, M.D.; OMAR S. HUSSAIN, D.O.; UMAR M. SHAKUR, D.O.; ASIM K. BABAR, M.D.,

Plaintiffs,

v.

SAMEER VOHRA, in his official capacity as Director of the Illinois Department of Public Health; MARIO TRETO, JR., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation; TERRY PRINCE, in his official capacity as the Director of the Illinois Department of Veterans Affairs,

Defendants.

Case No.: 1:26-cv-11351

Hon. Franklin U. Valderrama
U.S. District Judge

**STIPULATED MOTION FOR TEMPORARY RESTRAINING ORDER**

By agreement, the parties hereby stipulate and move for relief as follows:

1. Plaintiffs' Complaint challenges certain provisions of the End-of-Life Options for Terminally Ill Patients Act ("EOLO"), 410 ILCS 22, effective September 12, 2026, and certain provisions of the Health Care Right of Conscience Act ("HCRCA"), 745 ILCS 70, which EOLO incorporates by reference.

2. These include provisions of the HCRCA which were permanently enjoined in part by another Court in this District, in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 16-cv-50310 & 17-cv-4663). After that Court's partial injunction, an unopposed injunction pending appeal (ECF 266) was entered on the remaining provisions that the Court had not permanently enjoined. The parties cross-appealed the District Court's decision, and the matter was argued to the Seventh Circuit on April 10, 2026. Because

*Schroeder* and *NIFLA* concern the scope of the HCRCA provisions challenged here, Plaintiffs believe the Seventh Circuit's decision may impact important legal issues raised by the Complaint.

3. Plaintiffs' Complaint noted their intent to seek temporary and preliminary injunctive relief from this Court. However, in order to conserve judicial and party resources, and in light of the similar relief entered into in *Kirchoff v. Treto*, Case No. 26-cv-09628, and *Carmelite Sisters for the Aged and Infirm v. Prince*, Case No. 26-cv-10665, the parties have agreed to and request entry of a temporary restraining order against enforcement of the challenged provisions against Plaintiffs Akbar M. Ali, M.D.; Omar S. Hussain, D.O.; Umar M. Shakur, D.O.; and Asim K. Babar, M.D., pending issuance of the mandate from the Seventh Circuit in *Schroeder* and *NIFLA* and this Court's adjudication of Plaintiffs' expected motion for preliminary injunction, to be filed after the Seventh Circuit's aforementioned mandate.

4. The parties therefore request that the Court enter the following temporary restraining order:

> Defendants Mario Treto, Jr., in his official capacity as the Secretary of the Illinois Department of Financial and Professional Regulation, and Sameer Vohra, M.D., in his capacity as the Director of the Illinois Department of Public Health, their officers, agents, and employees, and all persons in active concert or participation with them, are restrained from enforcing against Plaintiffs (i) the End of Life Options Act, 410 ILCS 22, or (ii) subsections 6.1(1) through 6.1(3) of the Health Care Right of Conscience Act, 745 ILCS 70, to the extent they relate to acts or omissions under the End of Life Options Act. The foregoing restraint from enforcement includes refraining from treating Plaintiffs' noncompliance with any such provisions as a basis for liability, discipline, or licensure action under any law, pending the issuance of the mandate following the Seventh Circuit Court of Appeals' decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction.
>
> After the expiration of this Order, Defendants shall not impose any discipline, liability, or licensure consequences for acts or omissions that occurred while this Order was in effect if this Order would have prevented them from imposing such discipline, liability, or licensure consequences while this Order was in effect.
>
> After the mandate is issued by the Seventh Circuit Court of Appeals in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), the parties shall notify this Court within 7 days and jointly propose a schedule for the filing and briefing of Plaintiffs' motion for

preliminary injunction.

The terms of this Order will be unaffected by any amended complaint in this matter. This Order remains in full force and effect until the Court rules on Plaintiffs' motion for preliminary injunction or as further ordered by the Court. The parties reserve all rights to seek to modify or lift this temporary restraining order at any time.

This injunction applies only to the named plaintiffs of *Ali v. Vohra*, Case No. 1:26-cv-11351 and does not prevent the Illinois Department of Public Health or the Illinois Department of Financial and Professional Regulation from pursuing enforcement actions against non-parties who violate the Act.

THE BECKET FUND FOR RELIGIOUS LIBERTY

By: */s/ Mark L. Rienzi*
Mark L. Rienzi
Laura Wolk Slavis
Adèle A. Keim
Benjamin A. Fleshman
Siena A. Marcelle
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, DC 20006
(202) 955-0095
mrienzi@becketfund.org

*Counsel for Plaintiffs*

KWAME RAOUL
*Attorney General of Illinois*

By: */s/ Lillian McGuire*
Elizabeth Morris
Elena S. Meth
Lillian Margaret McGuire
Office of the Illinois Attorney General
Special Litigation Bureau
115 S. LaSalle Street, 35th Floor
Chicago, IL 60603
(312) 814-3000
elizabeth.morris@ilag.gov
elena.meth@ilag.gov
lillian.mcguire@ilag.gov

*Counsel for Defendants*